UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-20104-JEM

UNITED STATES OF AMERICA

vs.

MARIO ANTONIO PALACIOS PALACIOS,

      **Defendant.**
_____/

## JOINT MOTION TO CONTINUE CALENDAR CALL

COMES NOW, the United States of America, through its undersigned counsel, respectfully requesting, jointly with the defendant Mario Antonio Palacios Palacios (hereinafter "Palacios"), that the dates of the calendar call and trial, which are presently set for May 2 and May 9, 2022, respectively, both be adjourned, and a calendar call set in 90 days with a trial date thereafter. As discussed in more detail below, the request is made so that the government can properly provide discovery to the defendant in this complex matter, allow the defendant sufficient time to review the discovery, and for the parties to thereafter engage in plea negotiations or prepare for trial.

1.  As set forth in the Indictment, this case relates to the assassination of the former President of Haiti, Jovenel Moise, and Palacios's alleged role in the plot, for which he is presently charged with violating Title 18, U.S.C., Section 2339A(a) (Providing Material Support or Resources to Carry Out a Violation Resulting in Death), and Title 18, U.S.C., Section 965(a)(1) (Conspiracy to Kill or Kidnap Outside of the United States). Palacios, who is a Colombian national, was arrested pursuant to a Complaint filed in this District while he was in Panama on a layover flight from Jamaica to Colombia. Palacios had been removed from Jamaica, where he was

1

present illegally, having fled there from Haiti following the assassination, and he waived extradition from Panama to this District, making his initial appearance on January 4, 2022. On March 22, 2022, Palacios was charged in the present Indictment. Palacios's arraignment occurred on April 4, 2022, and thereafter the Court set the calendar call for May 2, 2022, and trial for May 9, 2022.

2. The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id*. In considering whether to grant a continuance requested under such provision, one of the factors which the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*See* 18 U.S.C. § 3161(h)(7)(B)(ii).

3. Here, the government submits, and the defendant agrees, that the case is "unusual and complex" within the meaning of the above statute and thus a continuance of the trial is warranted. The government has already started providing discovery to Palacios, and the parties have had several meetings in an effort to resolve this case. Nevertheless, this is a complex matter involving (a) the need to identify and obtain evidence obtained abroad, including potentially through formal requests for mutual legal assistance to several countries, as well as identifying

witnesses and co-conspirators who are similarly located abroad; (b) charges that would result in very severe penalties for the defendant, which could cause plea negotiations to stall until the production of discovery and any related litigation is complete; (c) interactions with multiple foreign governments; (d) the ongoing investigation that could result in the discovery of additional evidence and the identification of other subjects; (e) the potential addition of other charges in a superseding indictment; and (f) the need for the parties to engage in certain processes related to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III.

4. With regard to classified materials in particular, the government's review of such materials is ongoing. The parties anticipate that if the matter cannot be resolved through plea negotiations shortly, there will be a need to invoke the procedures and protections set forth in the CIPA. To that end, by way of separate motion filed concurrently herewith, the government is requesting the appointment of a Classified Information Security Officer ("CISO"). Furthermore, it is expected that there will be two requests for protective orders relating to the discovery materials pursuant to CIPA Sections 3 and 4. The CIPA procedures will undoubtedly cause delay in preparing the present case for pretrial motions and trial. *See generally United States v. Noriega*, 748 F. Supp. 1548, 1559 (S.D. Fl. 1990) (complex case finding based on, inter alia, discovery including many classified documents subject to elaborate security measures as well as the "time-consuming procedures in CIPA").

5. Furthermore, it should be noted that there may be separate litigation in this case (and any superseding indictment) regarding privilege issues and those potential issues are presently affecting the speed of the ongoing investigation, as well as the timing for completing the production of discovery for Palacios. More specifically, in July 2021, agents executed multiple search warrants and a large number of electronic devices and other items of physical evidence

were seized.  However, some of the individuals to whom the devices and documents pertained claimed that certain privileged materials were contained in the items seized.  As a result, in an abundance of caution, and consistent with the procedures discussed in *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means,* 11 F.4th 1235, 1252 (11th Cir. 2021) ("the Modified Filter-Team Protocol appears to us to comply with even the most exacting requirements other courts that have considered such protocols have deemed appropriate"), the government created a separate filter team of Assistant U.S. Attorneys and agents (hereafter, "Filter Team"), and the Filter Team provided those devices and documents to counsel retained by the parties to whom the devices and documents belonged so that they could conduct a review for privileged material.[1]  While some of the items have been released from the privilege review process and provided to the prosecution team in the instant case, the prosecution team has been informed that a significant number remain in the custody and control of retained counsel.  The government, through the Filter Team, has been diligent in pursuing these materials and will remain so; but the Filter Team may require the Court's intervention should retained counsel not make significant progress in releasing non-privileged materials to the government so that those materials may be reviewed and, if necessary, provided in discovery to the defendant in this matter.

6. Therefore, the parties jointly move this Court to declare this case complex, and thereby exclude the proceedings from the Speedy Trial Act's time constraints, pursuant to 18 U.S.C. 3161(h)(7).  The parties respectfully submit that such a designation is merited in light of the nature of the charges, which involve an assassination conspiracy involving a foreign leader

---

[1] The government also has exercised an abundance of caution in handling a potential exposure to attorney-client work product it discovered independently of defense counsel's assertion of attorney client privilege.  The government, on its own initiative, replaced the prior prosecution and investigative team to ensure no one was exposed to potentially tainted material during the investigation.  This also resulted in additional delays in both the investigation and the preparation of discovery.

located abroad, as well as the voluminous and complex discovery and classified issues that will have to be addressed. These considerations warrant a declaration that, in the words of the Speedy Trial Act, the "case is so. . . complex, due to. . . the nature of the prosecution . . . that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established" by the Act. 18 U.S.C. 3161(h)(7)(B)(ii). The defense has advised that it does not object to declaring the case complex, and the resulting exclusion of time under the Speedy Trial Act.

7. Alternatively, if the Court is not inclined to designate this case complex, the parties respectfully request that the Court find that time is properly excluded under the Speedy Trial Act between the date of this motion and the new trial date, as this would allow the parties to meaningfully discuss the evidence prior to preparing for trial, and that such exclusion of time serves the ends of justice, which outweigh the interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The parties request that the calendar call and trial be continued for a period of at least 90 days.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Walter Norkin*
WALTER M. NORKIN
Assistant United States Attorney
Court ID No. A5502189
U.S. Attorney's Office - SDFL
99 N.E. 4th Street, Suite 718 Miami,
FL 33132-2111
Telephone: (305) 961-9406
Email: Walter.Norkin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing document with the Clerk of the Court using CM/ECF, and served a copy to defense counsel by ECF and email, on or about April 19, 2022.

                */s/ Walter Norkin*
                Assistant United States Attorney