UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-JEM

UNITED STATES OF AMERICA

vs.

MARIO ANTONIO PALACIOS PALACIOS,

        Defendant.

_____/

STIPULATION AND ORDER

      The United States and the defendant, by and through their respective attorneys, stipulate as follows as to the handling of material to be provided by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and later pursuant to Title 18, United States Code, Section 3500 and Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959), and their progeny (collectively "Restricted Material"), which stipulation is thereafter accepted by the Court and entered as an Order in the pending case:

      1.     Whereas the government may call as witnesses in the above-referenced trial certain individuals who are assisting in multiple prosecutions and investigations in addition to the above-referenced matter; and

      2.     Whereas the public disclosure of such assistance and on-going investigations could negatively impact the safety concerns of witnesses, law enforcement personnel, U.S. persons stationed abroad, and the families of those respective individuals, as well as the integrity of the on-going investigations and operations;

3. The parties agree that:

   a. the defense shall not show or disseminate any of the Restricted Material to anyone other than the defendant, attorneys of record for the defendant and staff from defense counsel's law office, and U.S.-based paralegals, investigators, and interpreters working for that law office;

   b. the defense shall not show or disseminate any of the Restricted Material to any foreign (non-U.S.) attorneys or other foreign individuals, including family members of the defendant or the defendant's Colombian attorney, if any;

   c. the defense shall not transport or transmit any of the Restricted Material outside of the United States;

   d. with respect to Restricted Materials that are classified as Section 3500 or Giglio, Napue and their progeny, the government will label these materials collectively as "3500," as distinct from materials provided under Rule 16, and the defendant shall not possess any of the 3500 material, either before, during, or after the trial, except when in the presence of attorneys from defense counsel's law office, or U.S.-based paralegals, investigators, or interpreters working for that office; and

  e.  the defense shall return to the government, or destroy, all of the Restricted Material, as well as any copies made for trial preparation, at the close of the trial or when any appeals have become final.

So stipulated.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

5/4/22
_____
DATE

By: *Walter M. Norkin*
_____
WALTER M. NORKIN
ASSISTANT U.S. ATTORNEY

5/3/22
_____
DATE

_____
ALFREDO IZAGUIRRE, ESQ.
ATTORNEY FOR DEFENDANT

THIS MATTER comes before the Court upon the Government's request for an Order memorializing the parties' agreement to protect certain Restricted Materials and to enlist the Court's assistance in enforcing the parties' agreement, should such assistance become necessary.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

The Court grants the Government's request.

DONE AND ORDERED in chambers at the United States Courthouse, Miami, Florida, this ___ day of May 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

3