FILED BY **MMI** D.C.

OCT 18 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-MARTINEZ/BECERRA(s)(s)
18 U.S.C. § 2339A(a)
18 U.S.C. § 956(a)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 981(a)(1)(G)

UNITED STATES OF AMERICA

v.

MARIO ANTONIO PALACIOS PALACIOS,
RODOLPHE JAAR,
and
JOSEPH JOEL JOHN,

               Defendants.
_____/

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Providing Material Support or Resources to Carry Out a Violation Resulting in Death
### (18 U.S.C. § 2339A(a))

Beginning in or around June of 2021, and continuing through on or about July 7, 2021, in a place outside the United States, including Haiti and elsewhere, the defendants,

**MARIO ANTONIO PALACIOS PALACIOS,
RODOLPHE JAAR, and
JOSEPH JOEL JOHN,**

did provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), that is, personnel, including themselves, and services, knowing and intending that they be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a)(1), that is, a conspiracy to kill and kidnap a person outside of the United States.

All in violation of Title 18, United States Code, Sections 2339A(a) and 2.

**COUNT 2**
**Conspiracy to Kill or Kidnap Outside the United States**
**(18 U.S.C. § 956(a)(1))**

Beginning in or around June of 2021, and continuing through on or about July 7, 2021, in Miami-Dade County, in the Southern District of Florida, and in a place outside the United States, including Haiti and elsewhere, the defendants,

**MARIO ANTONIO PALACIOS PALACIOS,**
**RODOLPHE JAAR, and**
**JOSEPH JOEL JOHN,**

and other persons known and unknown to the Grand Jury, at least one of whom having been within the jurisdiction of the United States, did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, to commit at a place outside the United States, acts that would constitute murder and kidnapping if these crimes were committed in the special maritime and territorial jurisdiction of the United States, that is, the murder and kidnapping of the President of Haiti Jovenel Moise, and one or more conspirators did commit one or more acts within the jurisdiction of the United States, to effect the purpose and object of the conspiracy.

All in violation of Title 18, United States Code, Section 956(a)(1).

**FORFEITURE ALLEGATIONS**

1. The allegations of this Second Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **MARIO ANTONIO PALACIOS PALACIOS, RODOEPHE JAAR and JOSEPH JOEL JOHN**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 2339A(a) or 956(a)(1) as alleged in this Second Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds

traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Sections 2339A or 956(a)(1) as alleged in this Indictment, the defendant shall forfeit to the United States all assets, foreign or domestic:

(i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

(ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property;

(iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or

(iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in section 2331) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 4309(b)) or against any foreign Government.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or (G) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
ANDREA GOLDBARG
ASSISTANT UNITED STATES ATTORNEY

_____
MONICA CASTRO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 22-2104-CR-JEM(s)(s)

v.

MARIO ANTONIO PALACIO PALACIOS,
et. al.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) **Yes**
Number of New Defendants **1**
Total number of New Counts **0**

**Court Division** (select one)
- ☒ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: **Creole**

4. This case will take **20** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☒ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **Yes**
   If yes, Judge **Martinez**   Case No. **22-CR-20104(s)**

7. Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes, Magistrate Case No. **22-mj-02251-Torres**

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of **May 9, 2022**

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Andrea Goldbarg
Assistant United States Attorney
Court ID No.   A5502556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Mario Antonio Palacios Palacios

**Case No:** 22-20104-CR-JEM(s)(s)

Count #: 1

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A

* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: Life
* Max. Fine: $250,000

Count #: 2

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: Life
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Rodolphe Jaar

**Case No:** 22-20104-CR-JEM(s)(s)

Count #: 1

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 2

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Joseph Joel John

**Case No:** 22-20104-CR-JEM(s)(s)

Count #: 1

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A

* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: Life
* Max. Fine: $250,000

Count #: 2

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: Life
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.