UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CR-20104-MARTINEZ/BECERRA

UNITED STATES OF AMERICA,

vs.

MARIO A. PALACIOS PALACIOS,
_____/

**DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE SECOND SUPERSEDING INDICTMENT AND SUPPORTING MEMORANDUM OF LAW.**

Defendant MARIO A. PALACIOS PALACIOS, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the *Fifth and Sixth Amendments* to the Constitution, and the additional authorities set forth in the incorporated memorandum of law, requests that this Court dismiss Count 2 of the Second Superseding Indictment (the "Indictment") against Mr. Palacios based upon the Indictment's failure to allege every element of the charged offense (specifically, the jurisdictional element) as required by law.

Mr. Palacios's motion is based on the following grounds:

1.      Mr. Palacios is charged in a two-count indictment. Count 1 charges him (and two co-defendants) with providing material support or resources to carry out a violation resulting in death, in violation of 18 U.S.C.§ 2339A(a). Count 2 purports to charge them with conspiring to kill or kidnap outside the United States, in violation of 18 U.S.C.§ 956(a)(1). The charges stem from Mr. Palacios's alleged involvement in the assassination of the former President of Haiti, Jovenel Moise, on July 7, 2021.

2.      In pertinent part, Count 2 specifically charges that: "Beginning in and around June

1

of 2021 and continuing through on or about July 7, 2021, in Miami-Dade County" and "in a place outside the United States, including Haiti," Mr. Palacios and other persons, "*at least one of whom having been within the jurisdiction* of the United States," did knowingly and intentionally conspire "to commit at a place outside the United States, acts that would constitute murder and kidnapping if these crimes were committed" in the United States, that is, the murder and kidnapping of the President of Haiti, "and one or more conspirators did *commit one or more acts* within the jurisdiction of the United States, to effect the purpose and object of the conspiracy" (emphasis added). The Indictment does not allege any specific overt act committed by anyone anywhere.

3.  To sustain a conviction under Section 956, however, the governing statute requires additional averments and proofs. Specifically, the statute provides that: "*Whoever, within the jurisdiction of the United States, conspires* with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United Sates" an act that would constitute "murder, kidnaping or maiming" if committed in the United States, "shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy," be punished under the statute (emphasis added). *See* 18 U.S.C.§ 956(a)(1).

4.  Contrary to the express requirements of the statute, the Indictment fails to allege that *Mr. Palacios* engaged in the conspiracy *while he was within* the jurisdiction of the United States. Contrary to the requirements of the law, the Indictment fails to allege that *Mr. Palacios,* having joined the conspiracy, *participated in it while within* the jurisdiction of the United States. The Indictment ignores the jurisdictional element of the offense it must allege and prove at trial.

It takes the *"[w]hoever, within the jurisdiction of the United States"* language out of the statute. The statute's jurisdictional language, however, cannot be deemed mere surplusage. *Cf. United States v. Mustafa,* 753 Fed. Appx. 22, 29 (2d Cir. 2018) (similar "within the Unites States" language in predecessor version of 18 U.S.C.§ 2339A [Count 1 here] "did not provide for extraterritorial jurisdiction" and was removed in 2001 to "to expand the statute's territorial reach").

5.  As drafted, the Indictment would improperly permit Mr. Palacios to be convicted of the Section 956 offense without proof that he was a member of the conspiracy during some period of time *while he was in* the United States. This is no trivial matter. The government knows that Mr. Palacios *never* set foot in the United States or had any presence in this country until he brought here to face charges. Whatever Mr. Palacios said or did during the relevant time period, he did it in Haiti.

6.  An indictment that fails to allege every element of the charged offense is unconstitutional. *See United States v. Fern,* 155 F.3d 1318 (11th Cir. 1998) ("A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense"); *accord United States v. Martinez,* 800 F.3d 1293, 1295 (11th Cir. 2015) (indictment charging transmitting threatening communication insufficient because it failed to allege *mens rea* element)*; United States v. Stefan*, 784 F.2d 1093 (11th Cir. 1986). The rule is necessary to notify the defendant of "the nature and cause of the accusation as required" by the *Sixth Amendment*. It also "fulfills the *Fifth Amendment's* indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992) (*en*

3

*banc*), *cert denied*, 507 U.S. 967 (1993).

7. Courts have held that a Section 946 conspiracy contains four elements, *i.e.,* that: 1) there existed a conspiracy to commit murder kidnapping or maiming in a foreign country; 2) the defendant knowingly and willfully became a member of that conspiracy; 3) the defendant "*conspired* with one or more members of the conspiracy *while that defendant was physically present* in the United Sates" and 4) at least one member of the conspiracy committed an overt act while in the United States in furtherance of the conspiracy. *See United States v. Hunter*, 2018 U.S. Dist. LEXIS 177098 (S.D.N.Y. 2018) (copy attached as an exhibit). Following a jury trial, the District Court in *Hunter* found that the government had presented sufficient evidence as to the "jurisdictional element" to sustain the jury's verdict.

8. On appeal, the defendants' convictions were affirmed based on the sufficiency of the evidence "demonstrating that [the defendants] had engaged in the conspiracy *while in the U.S.*" *See United States v. Hunter*, 32 F.4th 22, 26 (2d Cir. 2022) (emphasis added) (discussing evidence "establishing the *jurisdictional element"*); *cf. United States v. Leija-Sanchez*, 820 F.3d 899, 901-02 (7th Cir. 2016) (per Easterbrook, J.) (Section 956 "forbids any person 'within the jurisdiction of the United States' from conspiring to commit murder abroad;" defendants who claimed they were in Mexico and not "within the jurisdiction of the United States" when they conspired with a co-defendant in the United States to kill an individual in Mexico waived or forfeited the argument by not objecting to the District Court's instruction regarding the meaning of "jurisdiction"); *United States v. Mehanna*, 735 F.3d 32, 43 (1st Cir. 2013) (evidence sufficient to convict defendant, a U.S. citizen living in this country, of violating Section 956, which "proscribes *conspiring in the United States* 'to commit at any place outside the United States an

act that would constitute the offense of murder" if the act had been committed within the United States," regardless of whether "defendant's co-conspirators are located within the United States or abroad.") (emphasis added).

9. The Indictment here ignores the statutory requirement that Mr. Palacios must have conspired with one or more members of the conspiracy *while he was physically present* in the United States. The failure to allege the jurisdictional element dooms the Indictment, just as an indictment charging a defendant with committing a Hobs Act robbery would be invalid if it failed to allege an effect on interstate commerce. *See* 18 U.S.C.§ 1951(requiring allegation and proof that the defendant "in any way or degree obstructs, delays, or affects" interstate commerce).

10. That a Section 956 conspiracy conviction requires proof that the "defendant engaged in [the] conspiracy *while he was physically within* the jurisdiction of the United States" was made especially clear in the prosecution of the so-called Dirty Bomber in the Southern District of Florida. Thus, in *United States v. Hassoun*, Case No. 04-60001-CR-Cooke, the Court, *with the government's assent,* instructed the jury that, to convict any defendant of conspiring to violate Section 956, "the government must prove beyond a reasonable doubt that *the defendant*, having joined the conspiracy, participated in it *while within the jurisdiction* of the United States." It was not necessary for the government to show that the conspiracy was *formed* within this country. "The only requirement is that the conspiracy existed, and that *the defendant* was a member of it *during some period of time while he was within* the United States." *See Hassoun*, No. 04-60001, DE1189:17-22 (Court's Instructions to the Jury) (copy attached). The defendants' convictions in *Hassoun* were affirmed on appeal. *See United States v. Jayyousi,* 657 F.3d 1085 (11th Cir. 2011). The instruction in *Hassoun* was based on the instruction given in *United States v.*

5

*Sattar*, 02-CR-00395-JGK (S.D.N.Y) (instructing jury that government had to prove that "Ahmed Abdel Sattar engaged in this conspiracy *while he was physically within* the jurisdiction of the United States").

11. There is no Eleventh Circuit Pattern Jury Instruction for a prosecution under 18 U.S.C.§ 956.

12. A seemingly dissonant statement of what the government must prove to obtain a conviction for a Section 956 conspiracy offense is offered in *United States v. Wharton*, 320 F.3d 526 (5th Cir. 2003). In *Wharton*, the Court affirmed the defendant's Section 956 conviction for conspiring with one person to kill another individual in Haiti. To convict someone under 18 U.S.C.§ 956, the Court said the government must prove that: "(1) the defendant agreed with at least one person to commit murder; (2) the defendant willfully joined the agreement with the intent to further its purpose; (3) during the existence of the conspiracy, one of the conspirators committed at least one overt act in furtherance of the object of the conspiracy; and (4) *at least one of the conspirators was within* the jurisdiction of the United States when the agreement was made." 320 F.3d at 537-38 (emphasis added). Thus, the Court did not state that the government must prove that *the defendant* was within the jurisdiction of the United States at any time during the course of the conspiracy.

13. However, whether the defendant himself was ever in the United States during the life of the conspiracy was *never* an issue in *Wharton*. The defendant and his co-conspirator were *U.S. citizens living in Louisiana* at all times relevant to the indictment. The defendant "took several trips to Haiti" with the victim before she was killed. His co-conspirator wired funds from the United States to him in Haiti to finance the murder, knowing that the funds would be used for

that purpose. Thus, even if it provided some level of authority in this jurisdiction, *Wharton* cannot be deemed to provide a definitive statement of the elements of a Section 956 conspiracy offense. The fundamental jurisdictional issue here was a *non-issue* in *Wharton*. It is unlikely that the parties even considered about that part of the definition of the offense or the corresponding jury instruction.

14. The issue presented here is strictly a matter of law. The government knows Mr. Palacios had never been to the United States or had contacts with anyone here until he was brought into this country to face prosecution. There is no factual issue concerning Mr. Palacios's lack of presence in the United States. He should not have to endure a lengthy trial to await a judicial determination of what the government must prove to convict him of a Section 956 conspiracy offense. Furthermore, with Court-appointed counsel representing him, the interests of judicial economy would seem to favor a swift resolution of this dispositive issue. The Court, therefore, should decide now whether the Indictment is based on a faulty understanding of the law and fails to allege a key element of the offense.

15. <u>Request for Disclosure of Grand Jury Transcript.</u> As it appears that the government may have relied on a misunderstanding of the law and an outlier definition of the elements of the offense when it presented this matter to the Grand Jury, Mr. Palacios requests, pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, that the government be required to disclose a transcript of its instructions to the Grand Jury. *See Gayle*, 967 F.2d at 485. The Rule authorizes the Court to disclose a grand jury matter "at the request of a defendant who shows *that a ground may exist to dismiss* the indictment because of a matter that occurred before the grand jury." Rule 6(e)(3)(E)(ii) (emphasis added). This admittedly strict standard is

satisfied here.

**WHEREFORE** Mr. Palacios requests that the Court dismiss Count 2 of the Second Superseding Indictment against him.

Respectfully submitted,

JOAQUIN MENDEZ, P.A.
251 Valencia Avenue, No. 141447
Coral Gables, Florida 33114
Telephone (305) 606-5193
By:*s/ Joaquin Mendez*
Joaquin Mendez, Esq.
Florida Bar No. 0814652
jm@jmendezlaw.com

ALFREDO IZAGUIRRE, P.A.
338 Minorca Avenue
Coral Gables, Florida 33134
Telephone (305) 442-0425
By:
*s/ Alfredo Izaguirre*
Alfredo Izaguirre, Esq
Florida Bar No. 13556
alfredo@izaguirrelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*s/ Joaquin Mendez*
Joaquin Mendez, Esq.