**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 04-60001-CR-COOKE/Brown (s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ADHAM AMIN HASSOUN,**
            **a/k/a "Abu Sayyaf,"**
**KIFAH WAEL JAYYOUSI,**
            **a/k/a "Abu Mohamed," and**
**JOSE PADILLA,**
            **a/k/a "Ibrahim,"**
            **a/k/a "Abu Abdullah the Puerto Rican,"**
            **a/k/a "Abu Abdullah Al Mujahir,"**

            **Defendants.**
_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. I am giving you these instructions now to aid you as you listen to the closing arguments of counsel.  First, counsel for the government will make their closing argument. Second, counsel for each defendant will make their closing arguments. Finally, because the government has the burden of proof, at the conclusion of those arguments, counsel for the United States will have an opportunity to make their rebuttal closing argument. At the conclusion of all the arguments and instructions,  you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime

1

charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence, or lack of evidence, in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case.

The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When the Government offers testimony or evidence that a defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other defendant on trial.

As part of the evidence in this case, you have heard recordings that contain conversations that took place completely or partially in the Arabic language.  You were also provided with English transcripts of those conversations.  The transcripts were provided to you so that you could consider the content of the conversations on the recordings.

As I advised you previously, I admitted the transcripts for the purpose of aiding you in following the content of the conversations as you listened or may listen during deliberations to the tape recordings, and also to aid you in identifying the speakers.

Whether the transcripts contain accurate translations of the Arabic language portions of the recordings in whole or part is for you to decide.  In considering whether a transcript accurately describes the meaning of conversation, you should consider the testimony presented to you regarding how and by whom the transcript was made, as well as any testimony disputing the translation of any words in the transcript.  You may consider the knowledge, training and experience of the translators who testified regarding any particular transcript, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

With respect to the Arabic language portions of the recordings, you should not rely in any way on any knowledge you may have of the Arabic language spoken on the recording.  Your consideration should be based on the evidence introduced in the trial.

Some of the recordings you heard were in the English language, in whole or part.  With respect to the English language portion of any recordings, the tape recordings themselves are the evidence of what was or was not recorded on the tapes. With respect to the English language portions of the recordings, the transcripts were provided to you solely as a listening aid.  If from your hearing of the English portion of a particular recording you perceive any variation between the tape and the corresponding transcript, you should be guided solely by the tape and not the transcript.

The transcripts also purport to identify the speakers engaged in these conversations.  Whether the transcript correctly or incorrectly reflects the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony.

10

Finally, although I have spoken about transcripts of recordings, you should apply

these rules to any other document for which a translation from Arabic to English was offered.

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately.  Also, the case of each Defendant should be considered separately and individually.  The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty.  Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

You may not draw any inference from the fact that any persons in addition to the defendants are not on trial here.  You may also not speculate as to the reasons why other persons are not on trial here.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense, unless you have been instructed otherwise.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.  The Government also does not have to prove the exact date on which any overt act occurred; it is enough if the government proves that it was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

So, if you find beyond a reasonable doubt that the acts constituting the crime charged were committed by the defendant voluntarily with specific intent to do something the law forbids, then the element of "willfulness" as defined in these instructions has been satisfied even though the Defendant may have believed that the conduct was religiously, politically or morally required, or that ultimate good would result from such conduct.

On the other hand, if you have a reasonable doubt as to whether the defendant acted in good faith, sincerely believing himself to be acting lawfully, then the defendant did not act "willfully," and that essential part of the offense would not be established.

Finally, intent and motive should not be confused.  Motive is what prompts a person to act, while intent refers to the state of mind with which the act is done.

At this time I will explain the indictment which charges three separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

Count One of the indictment charges the defendants with a conspiracy to murder, kidnap or maim persons outside the United States. Count Two of the indictment charges the defendants with a conspiracy to provide or conceal material support in preparation for, or for use in carrying out, a conspiracy to murder, kidnap or maim persons overseas. Count Three of the indictment charges the defendants with actually providing or concealing material support for use in preparation for, or in carrying out, a conspiracy to murder, kidnap or maim persons overseas.

In order to make these instructions easier to follow, I will instruct you on the counts in an order different from the order in which they appear in the indictment. I will first instruct you regarding Count One, then about Count Three, and then instruct you about Count Two.

Count One charges the defendants with a violation of Title 18, United States Code, Section 956(a)(1).  That statute makes it a criminal offense for a person within the jurisdiction of the United States to conspire with one or more other persons, regardless of where such persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnaping or maiming if committed within the jurisdiction of the United States, so long as one of the conspirators commits an act within the United States to effect any object of the conspiracy.

To satisfy its burden of proof as to Count One, the government must prove each of the following elements beyond a reasonable doubt:

First  That two or more people, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan; that is, to commit an act outside the United States that would constitute the offense of murder, kidnaping or maiming if committed within the United States;

Second  That the defendant knowingly and willfully became a member of that conspiracy;

Third  That the defendant engaged in this conspiracy while he was physically within the jurisdiction of the United States; and

Fourth  That one or more of the conspirators – but not necessarily the defendant – knowingly committed at least one overt act within the jurisdiction of the United States to further an objective of the conspiracy.

I will discuss each of these elements in turn.  To start, I will discuss the first element, which is the existence of a conspiracy, and what a conspiracy means.

17

The first element of the offense charged in Count One that must be proved is the existence of a conspiracy – which is an agreement or mutual understanding between two or more persons, the object of which was to commit outside the United States an act that would constitute the offense of murder, kidnaping or maiming if committed within the United States.  Let me start by discussing what a conspiracy is.

It is a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense.  So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of an overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

The conspiracy charged in Count One had three unlawful objects:  The murder of persons outside the United States, the kidnaping of persons outside the United States and the maiming of persons outside the United States.  You need not find that the conspirators agreed to accomplish each of the objectives of the conspiracy.  An agreement to accomplish one of these objectives is sufficient.  If the government fails to prove that at least one of these objectives was an objective of the conspiracy, then you must find defendants not guilty on this charge.  However, if you find that the conspirators agreed to accomplish at least one of the objectives charged by the indictment, the illegal purpose element will be satisfied.

The government must prove that the conduct that the conspirators agreed upon included all the elements of the substantive crime.  And in order to satisfy this element, all of you must agree unanimously on the specific objective of the conspiracy.  In other words, you must all be in agreement with respect to at least one of the three objects of the conspiracy and that defendants agreed to accomplish that objective.

Murder is the unlawful killing of a human being with malice aforethought and premeditation.  To establish that someone committed murder, it must be shown, first, that a human being was to be killed; second, that the killing was done with what the law calls malice aforethought; and third, that the killing was premeditated.  "Malice aforethought" means an intent at the time of the killing to take the life of another person either deliberately and intentionally, or to willfully act with callous and wanton disregard for

human life.  Malice aforethought does not necessarily imply ill will, spite or hatred towards any specific individual.

Killing with "premeditated intent" is required in addition to proof of malice aforethought in order to establish the offense of first degree murder. Premeditation is typically associated with killing in cold blood and requires a period of time in which the accused deliberates, or thinks the matter over, before acting. The law does not specify or require any exact period of time that must pass between the formation of the intent to kill and the killing itself. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

The requirement that the killing be "unlawful" simply means that the government must prove the elements of the crime of murder as I have just described them.

Kidnaping is the knowing and willful seizure, confinement, abduction or carrying away of another person for ransom or reward or other benefit.  To "kidnap" a person means to forcibly and unlawfully hold, keep, detain and confine the person against his or her will.  So, involuntariness or coercion in connection with the victim's detention is an essential part of the offense.  It need not be proved, however, that a kidnaping was carried out for ransom or personal monetary gain so long as it is proved that the perpetrator acted willfully, intending to gain some benefit from the kidnaping.

To "maim" is to intentionally cut off or disable the limb of a person, or cut, bite, or slit their nose, eyes, ears, lips or tongue with an intent to disfigure or disable the individual.

It is not necessary for the government to prove the identity of any specifically contemplated victim of the conspiracy to murder, kidnap or maim, or the specific location outside the United States where the contemplated murder, or kidnaping, or maiming, was to occur.

In order for you to find the defendant guilty of conspiring to commit murder, kidnaping, or maiming of persons abroad, the government must prove beyond a reasonable doubt that the defendant specifically intended that persons be murdered, kidnaped or maimed. This means that in order to be found guilty, the defendant must have had the purpose to murder, kidnap or maim in disregard of the law. If the defendant did not intend that a murder, kidnaping or maiming occur, the defendant is not guilty of conspiring to murder, kidnap or maim in violation of Section 956(a)(1).

I instruct you again that, with regard to the alleged conspiracy, the indictment charges that the defendant conspired to commit outside the United States an act that would constitute either the offense of murder or the offense of kidnaping or the offense of maiming. It is charged, in other words, that he conspired to commit up to three separate, substantive crimes or offenses. In such a case, it is not necessary for the government to prove that the defendant willfully conspired to commit all three of those substantive offenses. It is sufficient if the government proves, beyond a reasonable doubt, that the defendant conspired to commit one of those offenses outside the United States; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the three offenses the Defendant conspired to commit.

The second element of the offense charged in Count One is that the defendant knowingly and willfully became a member of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not participate before, and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The third element of Count One is that the government must prove beyond a reasonable doubt that the defendant, having joined the conspiracy, participated in it while within the jurisdiction of the United States.  It is not necessary that the conspiracy was formed within the United States.  The only requirement is that the conspiracy existed, and that the defendant was a member of it during some period of time while he was within the United States. The location of those with whom the defendant conspired is irrelevant.

The United States includes the fifty states, the District of Columbia, and the territories and possessions of the United States, including the territorial seas and the overlying airspace.

The fourth element of the offense charged in Count One is that one or more of the conspirators knowingly committed at least one overt act within the jurisdiction of the United States to further an objective of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. In order for the government to satisfy this element, it is not necessary that the government prove each overt act alleged in the indictment.  It is sufficient for the government to prove that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, an act of all of the members of the conspiracy. However, you must be unanimous that at least one overt act in furtherance of the conspiracy was committed.

I will now instruct you regarding the offense alleged in Count Three of the indictment.  I will instruct you regarding the elements of Count Two in a few moments.

Count Three charges the defendants with a violation of Title 18, United States Code, Section 2339A.  As charged in this case, that statute makes it a criminal offense for a person to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a conspiracy to murder, maim or kidnap persons overseas in violation of Title 18, United States Code, Section 956(a)(1).

To satisfy its burden of proof as to Count Three, the government must prove each of the following elements beyond a reasonable doubt

> First    That the defendant, within the United States, provided material support or resources, as defined below, or concealed or disguised the nature, location, or source of material support or resources; and

> Second    The defendant's provision of material support or resources, or his concealment or disguise of the nature, location, or source of the material support or resources, was done knowing or intending that the support or resources were to be used in preparation for, or in carrying out, a conspiracy to murder, kidnap or maim persons outside the United States.

The term "material support or resources" includes any kind of property or service, including currency or monetary instruments, financial services, training, false documentation or identification, communications equipment, facilities, weapons personnel and transportation, except medicine or religious materials.

25

The term "personnel" refers to individuals jointly engaged in a common undertaking, namely, persons preparing for, or carrying out, a conspiracy to murder, kidnap or maim persons outside the United States.

A defendant "provides" material support or resources if he makes available, or physically transfers or sends, the support or resources.

The terms "conceal" or "disguise" as used in these instructions mean to hide, or to keep from being seen, found, observed or discovered.

If you find the defendant guilty of the offense charged in Count Three, you must then determine whether the offense occurred before October 26, 2001 or whether it occurred on or after October 26, 2001.

In considering Counts One and Three of the Indictment, you should be aware that the Indictment also charges the defendant with aiding and abetting the offenses charged in those counts.  I will explain that concept to you.

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before a defendant can be held criminally responsible for the conduct of others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that the defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

I will now instruct you regarding the offense alleged in Count Two of the indictment.  Count Two charges the defendants with a violation of Title 18, United States Code, Section 371.  Title 18, United States Code, Section 371, makes it a separate crime for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another crime.  As I instructed you previously, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In this count, the Indictment alleges that the defendants conspired to violate Title 18, United States Code, Section 2339A; that is, they conspired to provide material support and resources, or to conceal and disguise the nature, location, source and ownership of material support and resources, knowing and intending that they would be used in preparation for or in carrying out a conspiracy to murder, kidnap or maim persons outside the United States.

In order to satisfy its burden of proof with respect to Count Two, the government must establish each of the following elements beyond a reasonable doubt:

<u>First</u>        That two or more people, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan; that is, to provide material support and resources, or to conceal and disguise the nature, location, source and ownership of material support and resources, knowing or intending that they would be used in preparation for, or in carrying out, a conspiracy to murder, kidnap or maim persons outside the United States;

<u>Second</u>    That the defendant knowingly and willfully became a member of the material support conspiracy I just mentioned; and

<u>Third</u>    That one or more of the conspirators knowingly committed at least one overt act within the jurisdiction of the United States to further the objective of the material support conspiracy.

I have previously instructed you, with respect to Count One, regarding the elements of a conspiracy to murder, kidnap or maim persons outside the United States. I have also previously instructed you, with respect to Count Three, regarding the material support statute. I will not repeat those instructions here, but you should apply my instructions regarding those terms when considering Count Two as you should when you are considering Counts One and Three.

As to Counts One and Two, you are further instructed, with regard to the alleged conspiracy offenses, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators.  If you find that no such conspiracy existed, then you must acquit the defendants of that charge.  However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that defendant.

In other words, to find a defendant guilty you must unanimously find that such defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

As I have instructed you, the government has burden of proving the defendant's guilt beyond a reasonable doubt.  If you find that the government has proved each of the elements of a charged offense beyond a reasonable doubt, you must find the defendant guilty of that offense, regardless of whether the defendant, on some other occasion or in some other transaction, did comply with the law.

If the defendant was a member of a organization or group which had both legal and illegal objectives, the government must prove beyond a reasonable doubt that the defendant had the specific intent to assist in the illegal objectives.  The defendant cannot be found to have had such specific intent if the defendant unintentionally furthered illegal goals of the organization or group, while agreeing or acting to further the legal objectives. In other words, if the same acts by the defendant furthered legal and illegal objectives, the government must prove beyond a reasonable doubt that it was the defendant's intention to further the illegal goals.

You have heard evidence about various political and religious statements made and political and religious opinions held by the defendants.  Publication of news and expression of opinion alone, even an opinion advocating violence, is not a crime in this country.  The United States Constitution guarantees that people may speak, publish**,** worship and associate freely without risk of prosecution.

Freedom of speech protects an individual's or a group's right to advocate their beliefs.  Thus, a person may advocate the use of force, or even the moral necessity for a resort to force and violence, without fear of punishment by the government so long as that advocacy is not directed toward inciting or producing imminent lawless action and is not likely to incite or produce such action.  "Imminent" means about to occur at the moment or impending.

Freedom of religion protects an individual's or a group's right to believe, profess, practice and preach whatever religious doctrine he or it may chose.

Freedom of association protects a person's right to associate with other individuals, groups or organizations, even where that other individual, group or organization may advocate conduct or engage in illegal activity.  However, the right to freedom of association does not allow a person to engage in a criminal conspiracy, as that concept is defined in these instructions.

Evidence of the defendants' statements on political, public or religious issues may be considered by you if you find them relevant for either of the following two purposes:

First, you may consider whether such statements are evidence of why the defendant was taking certain actions at the time he spoke, and what his purpose was.

Second, you may consider whether his opinions expressed at one time are evidence that at some other time he took actions in accordance with those opinions.

What this means is that statements that you may find were proved in this case will fall into three categories.

The first category is statements expressing a point of view that you find relevant for either of the two purposes that I just described.

The second category is simple statements or reports of news expressing a point of view on a political, social or religious issue without either of those two purposes.  These statements may never be treated as evidence of a crime; indeed, it is improper for you to consider any personal feelings you may have about such statements or about such personal political or religious beliefs.

The third category is statements that do not express a point of view, but which you may find were made to further some purpose of a conspiracy charged in the indictment. Those statements, if you find that they were made, may be treated, in and of themselves, as evidence relating to that conspiracy and given whatever weight you think they deserve.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. That means the government must prove each of the elements of a charged offense beyond a reasonable doubt, including those elements relating to the defendant's state of mind. However, if you find that a defendant had the state of mind necessary to commit the crimes charged in the indictment, the alleged suffering or humanitarian need of others, or the alleged foreign policy of the United States or any alleged principle of Islamic or international law is not a defense.

You have heard reference to the fact that certain investigative techniques were used by the government and certain others were not used.  You may consider these facts in deciding whether the government has met its burden of proof because, as I told you, you should look to all the evidence in deciding whether each of the defendants is guilty.  However, there is no legal requirement that the government use any specific investigative techniques to prove its case.  In that respect, law enforcement techniques are not your concern.  Your concern is to determine, based on the evidence, whether or not the government has proved beyond a reasonable doubt the guilt of each defendant.

You have also heard testimony in this case about evidence that was seized from various locations, as well as audio recordings of telephone calls. These recordings and evidence obtained from these searches were properly admitted in this case, and may properly be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations.  You should, therefore, regardless of any personal opinion, consider this evidence along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt each defendant's guilt.  The weight to be given the evidence is for your to decide.

It is the theory of Adham Amin Hassoun's defense as to Count One that Mr. Hassoun only intended to aid Muslim persons in need who were victims of atrocities abroad and never intended to murder, kidnap or maim anyone.  Mr. Hassoun intended only to aid others.  Under this theory of defense, Mr. Hassoun  lacked the specific intent required to commit the offense charged in Count One.  Furthermore, if Mr. Hassoun lacked the specific intent to murder, kidnap or maim, he could not have agreed to join a conspiracy which sought to accomplish one or more of those objects.

Under this theory, even if some or all of the assistance provided by Adham Amin Hassoun went to persons or organizations who were involved in a conspiracy to murder, maim, or kidnap, so long as Mr. Hassoun did not intend to murder, maim or kidnap persons outside the United States, Mr. Hassoun lacked the required intent to have committed the crime charged in Count One.

It is the theory of Adham Amin Hassoun's defense as to Counts Two and Three that he intended that any support or resources he may have provided would be used to aid or give support to Muslim persons in need who were victims of atrocities abroad, and not be used in preparation for or in carrying out a conspiracy to murder, kidnap or maim anyone.  Under this theory of defense, Mr. Hassoun lacked the knowledge and intent required to commit the offenses charged in Counts Two and Three.

Under this theory, even if some or all of the support or resources provided by Adham Hassoun came into the possession of persons or organizations involved in a conspiracy to murder, maim, or kidnap, so long as Mr. Hassoun did not intend that the support or resources be used in preparation or for carrying out a conspiracy to murder, maim or kidnap, Mr. Hassoun lacked the required intent under the law to have committed the crime of conspiring to provide or conceal (Count Two) or actually providing or concealing (Count Three) material support or resources.

It is a theory of Kifah Jayyousi's defense that Kifah Jayyousi never had the intent to aid persons in preparation of or carrying out acts of murder, maiming or kidnapping, but rather, that he intended to deliver materials or money in effort to aid persons in need of relief, or to facilitate the delivery of relief supplies to needy people.

Under this theory, even if some or all of the materials or money sent by Kifah Jayyousi in fact came into the possession of persons or organizations who were involved in a conspiracy to murder, maim or kidnap, Kifah Jayyousi did not intend the murder, maiming or kidnapping of persons outside of the United States and Kifah Jayyousi lacked the required intent to have committed the crime charged in Count I.

It is a theory of Kifah Jayyousi's defense, that any materials or money that Kifah Jayyousi delivered or sent, were sent with the intent of aiding persons in need of relief, or to facilitate the delivery of relief supplies to needy people, not with the intent that they be used in preparation or for carrying out a conspiracy to murder, maim or kidnap.

Under this theory, even if some or all of the materials or money sent by Kifah Jayyousi came into the possession of persons or organizations involved in a conspiracy to murder maim or kidnap, so long as Kifah Jayyousi did not intend that the materials or money be used in preparation or for carrying out a conspiracy to murder, maim or kidnap, Kifah Jayyousi lacked the required intent to have committed the crime of conspiring to provide or conceal (Count II) or actually providing or concealing (Count III) material support or resources.

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.