UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-20104-CR-MARTINEZ/BECERRA(s)(s)(s)

UNITED STATES OF AMERICA

v.

ARCANGEL PRETEL ORTIZ
    a/k/a "Colonel Gabriel,"
ANTONIO INTRIAGO,
    a/k/a "The General,"
WALTER VEINTEMILLA,
CHRISTIAN SANON,
    a/k/a "Kumbe,"
    a/k/a "Pumba,"
    a/k/a "Bubba,"
JAMES SOLAGES,
    a/k/a "Yacov,"
    a/k/a "Junior,"
JOSEPH JOEL JOHN,
JOSEPH VINCENT,
    a/k/a "Mr. White,"
    a/k/a "Blanco,"
GERMAN ALEJANDRO RIVERA GARCIA,
    a/k/a "Colonel Mike,"
RODOLPHE JAAR,
MARIO ANTONIO PALACIOS PALACIOS, and
FREDERICK JOSEPH BERGMANN, Jr.,

                      Defendants.
_____/

FILED BY _____ D.C.

FEB 22 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**FILED *EX PARTE***

**UNITED STATES' *EX PARTE* APPLICATION FOR POST-INDICTMENT
PROTECTIVE ORDER PURSUANT TO 21 U.S.C. § 853(e), AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 21 U.S.C. § 853(e), the United States of America (the "United States"), through

the undersigned Assistant United States Attorney, respectfully requests the entry of a protective

order to restrain and enjoin certain assets in order to preserve their availability for criminal

forfeiture.   In support of this *ex parte* application, the United States submits the following factual

and legal bases.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.     On February 14, 2023, a Grand Jury sitting in the Southern District of Florida returned a Third Superseding Indictment charging Defendants, including Defendant Walter Veintemilla, in Count 1 with Conspiracy to Provide Material Support and Resources to Carry Out a Violation of Section 956(a)(1), Resulting in Death, in violation of 18 U.S.C. § 2339A(a), in Count 2 with Providing Material Support and Resources to Carry Out a Violation Resulting in Death, in violation of 18 U.S.C. § 2339A(a), and in Count 3 with Conspiracy to Kill and Kidnap a Person Outside the United States, in violation of 18 U.S.C. § 956(a)(1)), among other counts. Third Superseding Indictment, ECF No. 107.

2.     The Third Superseding Indictment also contained forfeiture allegations, which alleged that upon a conviction of a violation of 18 U.S.C. §§ 2339A or 956(a)(1), as alleged in the Indictment, the Defendants shall each forfeit to the United States all assets, foreign or domestic, pursuant to 18 U.S.C. § 981(a)(1)(G), among other forfeiture.  *Id.* at 10-11 ¶ 3.

3.     The Indictment, in paragraph 5 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to:

(i)     Real property located at 3150 Islewood Avenue, Weston, Florida 33332.

4.     Prior to its deliberations, the grand jury was specifically instructed that, upon a finding of probable cause to support the offenses charged in the Indictment, it should also determine whether there is a probable cause to support that the specific assets listed above are subject to forfeiture as alleged in the Indictment.

5.     The grand jury subsequently returned the Indictment.

2

## II.     MEMORANDUM OF LAW

The United States seeks the entry of a protective order to restrain and enjoin the following assets subject to forfeiture (the "Subject Asset"):

      (i)      Real property located at 3150 Islewood Avenue, Weston, Florida 33332.

Section 853(e)(1)(A) of Title 21, United States Code, authorizes the Court to restrain, enjoin, or *take any other action*, to preserve the availability of the Subject Asset for criminal forfeiture.   In relevant part, the statute provides:

**(e)   Protective orders**

> (1)   Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—
>
>> (A)   upon the filing of an indictment or information charging a violation of this subchapter or subchapter II for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

21 U.S.C. § 853(e)(1)(A).   In addition, pursuant to 21 U.S.C. § 853(e)(4)(A), the Court is authorized to order a defendant to repatriate any property that may be seized and forfeited, and to deposit that property pending trial with the U.S. Secretary of the Treasury or U.S. Marshals Service.   21 U.S.C. § 853(e)(4)(A).   *Accord* 21 U.S.C. § 853(f) (authorizing the Court to issue a warrant to seize property subject to forfeiture).   These procedures set forth in 21 U.S.C. § 853 are made applicable to the criminal forfeiture in the instant case by 28 U.S.C. § 2461(c).   *See* 28 U.S.C. § 2461(c).

The Court may enter a protective order to preserve assets based on the grand jury's finding that such property is subject to forfeiture.   *See Kaley v. United States,* 571 U.S. 320, 330-33 (2014)

(just as it is sufficient to support the issuance of a warrant for the defendant's arrest, the grand jury's finding of probable cause is sufficient to support the restraint of her property). The application and entry of such a protective order may be *ex parte*, without notice or a hearing. *See United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989); 21 U.S.C. § 853(e). Section 853(e)(1)(A) authorizes the restraint of the Subject Asset "[u]pon application of the United States" and "upon the filing of an indictment." 21 U.S.C. § 853(e)(1)(A). *Cf.* 21 U.S.C. § 853(e)(2) (also providing procedures for the restraint of assets prior to indictment without notice or hearing). The Eleventh Circuit has held that "once an indictment has issued, the court may order such restraints *ex parte*. These restraining order provisions do not, on their face, require a hearing either prior to, or after, the imposition of restraints on defendants' assets." *Bissell*, 866 F.2d at 1349 (internal citation omitted).

Although the Court may decide how to preserve the Subject Asset under 21 U.S.C. § 853(e)(1) – deciding whether a restraint, injunction, or some other means is most appropriate – the Supreme Court has explained that the statute is "plainly aimed at implementing the commands of [the forfeiture statute] and cannot sensibly be construed to give district court discretion to permit the dissipation of the very property that [forfeiture statute] requires be forfeited upon conviction." *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989). "Whatever discretion Congress gave the district courts in §§ 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: 'to preserve the availability of property . . . for forfeiture.'" *Id.* at 613. Accordingly, because the grand jury has found probable cause to believe that the Subject Asset are subject to forfeiture upon the conviction of the Defendants, the Court must enter a protective order to preserve the availability of such assets. *See id.* at 612-13; *Kaley*, 571 U.S. at 330-33.

**WHEREFORE**, the United States respectfully requests, pursuant to 21 U.S.C. § 853(e), that the Court issue a protective order restraining and enjoining the Subject Asset.   A proposed order is attached.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:

Joshua Paster
Court ID No. A5502616
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9342
joshua.paster@usdoj.gov